ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division
WENDY M. GARBERS (CABN 213208)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6475
FAX: (415) 436-7234
wendy.garbers@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 23-cr-00047 CRB |
| | ) |
| Plaintiff, | ) **UNITED STATES'S SENTENCING MEMO** |
| | ) |
| v. | ) |
| | ) Date: November 6, 2024 |
| ROGER DOMINGUEZ, | ) Time: 10:00 a.m. |
| | ) |
| Defendant. | ) |
| | ) |

## I.    BACKGROUND

On January 5, 2023, San Francisco Police Department ("SFPD") officers observed defendant Roger Dominguez speeding and driving recklessly westbound on Mission Street in a reported stolen Honda Civic. Shortly thereafter, several witnesses waved down SFPD officers to tell them that defendant crashed the Honda Civic into another vehicle and then fled on foot. The three occupants of the vehicle defendant crashed into were taken to San Francisco General Hospital for medical attention. After a foot chase, SFPD officers apprehended the Dominguez, who had a loaded 9mm Polymer80 Incorporated model PF940C semiautomatic firearm with no serial number on his person. In the stolen vehicle he left behind were several loose rounds of ammunition, a glass pipe, and burglary tools. (PSR ¶¶ 7-10.)

On February 8, 2023, a federal grand jury returned a one-count Indictment, charging Dominguez with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). (ECF 1.) On July 24,

U.S. SENTENCING MEMO                                         1
No. 23-cr-00047 CRB

2024, Dominguez entered an open guilty plea, taking responsibility for his crime.  (ECF 41.)

## II.    SENTENCING GUIDELINES CALCULATIONS

The government agrees with the sentencing guidelines calculation set forth in the PSR:

a. **Base Offense Level, U.S.S.G. § 2K2.1(a)(2):**                                    **24**

b. **Adjustment for Obstruction of Justice § 3C1.2:**                          **+2**

c. **Acceptance of Responsibility § 3E1.1:**                                        **-3**

d. **Total Offense Level:**                                                                      **23**

(PSR ¶¶ 16-25.)  The government also agrees with Probation's calculation that Dominguez has a total criminal history score of 17 and falls into Criminal History Category VI.  (*Id.* at ¶ 40.)  As reflected in the PSR, the Guidelines range for imprisonment associated with total offense level 23 and Criminal History Category VI is 92-115 months.  (*Id.* at ¶ 82.)

## III.    GOVERNMENT'S SENTENCING RECOMMENDATION

The Court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to rehabilitate the defendant.  18 U.S.C. § 3553(a)(2); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  Section 3553(a) sets forth several factors that the Court must consider in determining a just sentence: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the purposes of sentencing; (3) the kinds of sentences available; (4) the Guidelines range for sentences; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims.  18 U.S.C. § 3553(a); *Carty*, 520 F.3d at 991.  The Guidelines are "the starting point and the initial benchmark."  *Gall v. United States*, 552 U.S. 38, 49 (2007).  Although the Guidelines are not binding, they "reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Rita v. United States*, 551 U.S. 338, 350 (2007).

The government agrees with Probation that the Court should impose a sentence of 48 months, which is a substantial downward variance.  (PSR at p. 31.)  On one hand, Dominguez has a significant criminal history.  His crime was serious and recidivist.  He recklessly drove a stolen car, putting the lives of the community in danger, ultimately crashing, and sending three victims to the hospital.  He did

U.S. SENTENCING MEMO                                    2
No. 23-cr-00047 CRB

this with a loaded ghost gun that he was not allowed to have in his possession, increasing the danger to all.

Significantly, this incident occurred while Dominguez was on parole and on the heels of a similar incident. On December 28, 2021, SFPD officers discovered Dominguez to be driving a vehicle with stolen license plates. Although officers instructed Dominguez to stay in the vehicle and stop reaching for his front pants pocket, Dominguez did not heed their commands and instead fled on foot. Officers chased him, and observed him throwing an object, later determined to be a firearm, on the ground. On August 15, 2023, Dominguez was convicted of being a felon in possession of a firearm and sentenced to 16 months in prison. (PSR at ¶ 37.)

The fact that Dominguez continued to commit similar offenses while on Probation gives the government pause. The Ninth Circuit has held that a sentencing court acts fully within its discretion when it "consider[s] the defendant's repetition of the same or similar offenses" and bases its sentence on that circumstance. *United States v. Segura-Del Real*, 83 F.3d 275, 277 (9th Cir. 1996).

On the other hand, the government acknowledges that, after a rocky start, during which he was terminated from the New Bridge residential treatment program for acting inappropriately and in a threatening matter to other program participants, defendant has made progress while on Pretrial supervision. (PSR ¶ 4.) Despite what appears to be a long history of drug addiction, Dominguez has not had any positive drug tests. He has also participated in mental health counseling and has recently become employed, for the first time in a long time. (PSR at ¶¶ 5, 58.)

Balancing the seriousness of Dominguez's crime against the progress he has made while on Pretrial supervision, the government submits that a custodial sentence of 48 months is appropriate. Dominguez's crime was serious—he had a loaded, dangerous weapon and put the lives of the community in jeopardy. Additionally, he did so while under criminal supervision. A 48-month sentence accounts for the seriousness of the crime, and the need to protect the community and provide specific and general deterrence, but also accounts for Dominguez's difficult upbringing and the progress he has made while on Pretrial supervision.

In light of Dominguez's extensive criminal history, the Court should also impose a 3-year term of supervised release with an expanded search condition. Dominguez presents an elevated risk of re-

offense, and a warrantless search condition is "necessary to mitigate that risk." *See United States v. Cervantes*, 859 F.3d 1175, 1184 (9th Cir. 2017).

**IV.     CONCLUSION**

For the foregoing reasons, the government recommends that the Court sentence Dominguez to 48 months in custody, 3 years supervised release, impose an expanded search condition, and order the forfeiture of the items identified by Probation.

DATED:  October 30, 2024                                    Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney


*/s/ Wendy M. Garbers*
WENDY M. GARBERS
Assistant United States Attorney